United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRIDGETT BURNS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-04165** |
| | § | |
| **FIESTA MART, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Bridgett Burns was shopping in a Fiesta Mart grocery store when she slipped on a banana, injuring her legs, hips, and back. Burns sued Fiesta shortly after seeking money damages. Now pending before the Court is Fiesta's motion for summary judgment. (Dkt. No. 68). After reviewing pleadings, the record and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Fiesta's Motion.

I.   **BACKGROUND**[1]

In January 2020, Plaintiff Bridgett Burns was injured after slipping on a chunk of banana inside a Fiesta Mart grocery store. (Dkt. No. 82-1 at 3–4). Almost a year later, Burns sued Fiesta in Texas state court, and Fiesta removed the case to federal court based on diversity jurisdiction. (Dkt. No. 1). Burns brings two claims against Fiesta: premises liability and negligence. (Dkt. No. 56 at 3–4). Fiesta moved for summary judgment on

---

[1]    Except where noted, this section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

both claims.  (Dkt. No. 68).  Burns responded, (Dkt. No. 82), and Fiesta replied, (Dkt. No. 83).

## II.    LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it could affect the suit's outcome under governing law.  *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).  And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).  The nonmovant must "'go beyond the pleadings and by [the nonmovant's] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III.   EVIDENTIARY ISSUES

Before reaching the merits, the Court first addresses an evidentiary issue. Burns has consistently alleged that Fiesta deleted security footage of the fall or other footage that would benefit Burns's case. (*See* Dkt. No. 44 at 10); (Dkt. No. 60 at 2–8); (Dkt. No. 82 at 4–6). Burns sent a preservation letter to Fiesta just two weeks after her fall, demanding that Fiesta "preserve all surveillance videos from within the store for the day of the incident, 3 days before the incident, and 3 days after the incident." (Dkt. No. 82 at 6);

(Dkt. No. 82-8 at 3–6).  In discovery, Fiesta turned over three hours of footage from five cameras within the store.  (Dkt. No. 82 at 6); (Motion Hearing (12/1/2023) at 2:04:17, Dec. 1, 2023).  No camera, however, captured the portion of the aisle where Burns fell.  (Dkt. No. 82 at 6); (Dkt. No. 82-5 at 1).

In December 2023, the Court held a hearing on this issue.  The Court found that Burns's request for six days of footage was overbroad.[2]  The Court also denied Burns's request for spoliation sanctions without prejudice, explaining that Burns produced no evidence that Fiesta destroyed any evidence in bad faith.  (Motion Hearing (12/1/2023) at 2:10:19, Dec. 1, 2023).  Bad faith is required in the Fifth Circuit.  *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).  At the hearing, the Court made clear to Burns's counsel that the spoliation argument needed to be paired with evidence of bad faith by Fiesta and permitted Burns to depose Fiesta's corporate representative again to attempt to discover this evidence.  (Motion Hearing (12/1/2023) at 2:10:19, Dec. 1, 2023).  That exchange went as follows:

> THE COURT: So, I'm going to deny the motion without prejudice.  To the extent further discovery reveals anything, then I'll revisit it.  But, I will need evidence of culpability or bad faith.  It's just what the law is.
>
> . . .
>
> BURNS'S COUNSEL: . . . For the cameras that they show, they have some forty-something cameras at this store; I challenge that no camera caught [the fall].  With that many cameras, you're going to see every square inch of the store.

---

[2]     Even Burns's Counsel conceded that the request for footage three days before and after the fall was overbroad.  (Motion Hearing (12/1/2023) at 2:10:30).

> THE COURT: So, that is going to be something for the 30(b)(6) . . . I don't want to hash that out right here.  You ask your 30(b)(6) person: "Isn't every square inch of the store covered?"  Because . . . what I just heard [Fiesta's counsel] say is that it's not, that this is for [shoplifting]; it's not to show the whole store.  You may disagree with that, but I'd encourage you to do discovery on that and talk about [that] with the corporate [representative] . . . Absolutely [I] authorize discovery on those issues.

> BURNS'S COUNSEL: Okay.

*Id.*

Burns now reasserts her spoliation argument, this time in response to Fiesta's motion for summary judgment.  (Dkt. No. 82 at 4–6).  The argument fails for the same reason now as it did then.  The Court made clear at the December hearing that to succeed on a spoliation argument, Burns would need at least some evidence that Fiesta deleted information in bad faith. (Motion Hearing (12/1/2023) at 2:10:25); *see King*, 337 F.3d at 556.  The Court had reopened discovery to allow Burns another chance to depose Fiesta's corporate representative and find such evidence.   And yet, Burns offers nothing suggesting that Fiesta deleted information, let alone evidence that Fiesta did so in bad faith.  Thus, the Court rejects Burns's spoliation argument.

## IV.   DISCUSSION

Fiesta moves for summary judgment on both of Burns's claims—negligence and premises liability.  The Court addresses each in turn.

### A.   NEGLIGENCE

Fiesta first argues that Burns's suit sounds exclusively in premises liability, not negligence.  (Dkt. No. 68 at 2).  Burns's Response does not address this argument and

only offers a defense to Fiesta's attacks on her premises liability claim.  (*See* Dkt. No. 82 at 24–27).  Failure to address a claim in response to a party's summary judgment motion constitutes abandonment of the claim.  *See Vela v. City of Houston*, 276 F.3d 659, 678–79 (5th Cir. 2001).  Burns's failure to address Fiesta's argument in her response means that her  negligence claim is abandoned.  For that reason, Fiesta is entitled to judgment as a matter of law on her negligence claim.

Even if Burns had responded, the Court would grant summary judgment on the negligence claim.  The Fifth Circuit has held that a plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014) (emphasis in original). "Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct."  *Id.* at 196.

> Underpinning this distinction "is the principle that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases" because the alleged injuries in such cases are "a result of a physical condition or defect left on the premises."*

*Vasquez v. Home Depot USA, Inc.*, 4:21-CV-03609, 2024 WL 1597756, at *3 (5th Cir. Apr. 12, 2024) (emphasis added) (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471–72 (Tex. 2017)).

In this case, the Parties agree that Burns slipped and fell on a banana in the store. Accordingly, the Court finds that Fiesta is entitled to judgment as a matter of law on Burns's negligence claim.

### B.   PREMISES LIABILITY

Next, premises liability.  To prevail on a premises liability claim under Texas law, a plaintiff must prove that (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care proximately caused the plaintiff's injuries.  *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).  Fiesta moves for summary judgment arguing that Burns has failed to raise a genuine issue of material fact on the first and second elements.  Fiesta argues that it cannot be held liable because (1) it had no actual or constructive knowledge of the banana on the floor, (Dkt. No. 68 at 3–6); and (2) the banana did not pose an unreasonable risk of harm since the risk was open and obvious, (*id*. at 6–8).  The Court finds that there is a genuine issue of material as to both elements.

### 1.   Actual or Constructive Knowledge

Fiesta first argues that it is entitled to summary judgment because it did not know about the banana.  (*Id*. at 1, 3, 5–6).  Burns disagrees, advancing several reasons why Fiesta may have had constructive notice of the banana.  (Dkt. No. 82 at 16–21).  The Court must now answer a simple question: Could a reasonable jury find that Fiesta had constructive knowledge of the banana?  The answer based on the summary judgment record is yes.

Generally, property owners have a duty to protect or warn invitees about conditions of which they are actually aware *and* risks that the owner should discover after reasonable inspection.  *See Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014).  Texas law gives slip-and-fall plaintiffs three ways to prove that a defendant was aware of a condition: "(1) the defendant placed the substance on the floor; (2) the defendant actually knew of the condition; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).  The record does not suggest that a Fiesta employee placed the banana on the floor, nor is there any evidence that Fiesta actually knew about the banana on the floor.  That leaves only the third option for proving knowledge, commonly called "constructive notice."

An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect."  *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).  For a premises owner to be charged with constructive notice, a dangerous condition must also have "existed for some length of time."  *Reece*, 81 S.W.3d at 815.  The question of constructive notice thus requires courts to analyze "the combination of [the] proximity, conspicuity, and longevity" of the alleged defect.  *Spates*, 186 S.W.3d at 567.  When the defect is conspicuous, the proximity of the premises owner's employees to the hazard "'might shorten the time in which a jury could find that the premises owner should reasonably have discovered it.'"  *Id.* at 567–68 (quoting *Reece*, 81 S.W.3d at 816).  And "'if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's

consideration of whether the premises owner should have become aware of the dangerous condition.'" *Id.* at 568 (quoting *Reece*, 81 S.W.3d at 816).

Burns points to two pieces of evidence that a jury could use to find that Fiesta had constructive notice of the banana. First, Burns argues that the banana's condition indicates that it must have been on the ground for a long time. (Dkt. No. 82 at 16). Burns testified that the banana was "rotten" and "all over the floor." (Dkt. No. 82-1 at 4). According to Burns, the fact that the banana was rotten and spread across the floor suggests that it was there long enough to spoil and be stepped on by others. (Dkt. No. 82 at 16); *see, e.g.*, *O'Connor v. Wal-Mart Stores Tex., LLC*, No. 21-40609, 2023 WL 316368, at *3 (5th Cir. Jan. 19, 2023) ("Evidence of the changed condition of a substance . . . may be sufficient on its own to show that the substance existed for long enough to result in constructive knowledge by the premises owner."). Second, Burns points out that a Fiesta employee was working in the aisle where Burns fell. (Dkt. No. 82 at 17); (*see* Dkt. No. 82-1 at 4). Given the testimony that the banana was "all over" the floor, Burns argues that the employee's proximity to the condition suggests that Fiesta had constructive notice. (Dkt. No. 82 at 17).

The Court finds that the foregoing creates a genuine issue of material fact as to whether Fiesta knew about the hazard.

### 2. <u>Open and Obvious</u>

Next, Fiesta argues that it is entitled to summary judgment because the banana on the floor was open and obvious. (Dkt. No. 68 at 1, 6–8). Under Texas law, property owners have no duty to warn or protect invitees from conditions that are "open and

obvious." *Los Compadres Pescadores, LLC v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). "Whether a danger is open and obvious is a question of law determined under an objective test." *Id*. "The question is whether the danger is 'so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof.'" *Id*. (cleaned up) (quoting *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex 1978)). Thus, this Court must decide whether the banana was such an open and obvious condition that Fiesta had no duty to warn against or eliminate the harm.

Fiesta argues that because Burns testified that the banana was "all over the floor," it must have been open and obvious rather than concealed. (Dkt. No. 68 at 7–8) (quoting (Dkt. No. 8-1 at 4)). Burns disagrees, emphasizing that the beige-colored floor tile at Fiesta Mart concealed the banana. (Dkt. No. 82 at 23); (*see* Dkt. No. 82–7).

Conditions that blend into the color of the floor are generally not open and obvious. For example, the Supreme Court of Texas once refused to consider a platform an open and obvious condition when "the color of the platform blended in with that of the floor." *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976). Similarly, in *Mosley v. Kroger Texas L.P.*, a court found that a puddle of milk was not open and obvious because "the white floor camouflaged the white milk." No. 3:19-CV-02943, 2021 WL 857059, at *3 (N.D. Tex. Mar. 8, 2021). So too here. Because the banana was sitting on a beige-colored floor, (*see* Dkt. No. 82-7), the Court finds that Fiesta has failed to establish that the banana was so open and obvious that it was not unreasonably dangerous.

## V.    CONCLUSION

In sum, Fiesta is entitled to judgment as a matter of law on Fiesta's negligence claim, but the premises liability claim is best left to a jury.  Considering the above analysis, the Court **GRANTS IN PART** and **DENIES IN PART** Fiesta's Motion.

It is SO ORDERED.

Signed on October 4, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**